Curia, per

O’Neall, J.
In this case the defendant applied for the benefit of the insolvent debtors’ Act. His application was opposed on the ground of fraud. A suggestion making that allegation was filed, to which the defendant pleaded, and issue was joined. The defendant after this moved to be discharged, because no affidavits showing the truth of the charge of fraud had been filed ; and it was so ordered by the presiding Judge; and we are now called upon to reverse that order.(a) The insolvent debtors’ Act, in its first section, (P. L. 247—8,) defines the cases in which a party may have the benefit of its provisions, and prescribes the terms and mode by and according to which he may avail himself of its provisions ; among these, he is required to exhibit a petition to any of the courts of law from whence such process issued, certifying the cause of his imprisonment, together with an account of his real and personal estate. When he applies to be discharged, he is required to swear inter alia, “that the account may be delivered into this honorable Court, with my petition to this Court, doth contain a true and full account of all my real and personal estate, debts, credits and effects whatsoever, without exception.” The Act then directs “ if the Court shall be satisfied with the truth” of said oath, that the prisoner, upon making an assignment, shall be discharged. The truth of the oath is a preliminary inquiry ; and as was said in Faber vs. Zylstra, (2 Bay, 147,) it may sometimes be answered by an examination to be made by the Court; sometimes it may require the aid of a jury ; and most generally that is the course to be pursued. Before requiring the defendant to join in an issue to try the fairness of his schedule, there ought to be some showing by affidavits which make out prima facie a case of fraud. This practice has the sanction of the case of Faber vs. Zylstra, (2 Bay, 147. But it does not follow that because this is the usual and general rule, that it is so inflexible *as to admit of no exception. Like every other rule of practice, it is intended to aid the parties in getting properly before the Court. But after they are at issue, there can be no ground to say it ought any longer to have application. The object of the affidavits is to justify the Court in calling for the aid of the jury to say whether the prisoner’s oath is true. If without affidavits the plaintiff make charge by suggestion, and the defendant pleads, he waives the right to call for affidavits ; he admits by his plea there is something to be tried by a jury. It cannot alter this view that the issue was made up under the order of the Judge; indeed, it strengthens the case for the plaintiffs. For it is not to be presumed, that the Judge would, without any cause, order such proceedings. The great end of the insolvent debtors’ Act is answered by a liberation of the prisoner, if his oath be true, at the term of the Court to which he applies. If the issue charging fraud was made up and ready to be tried, all the ends of justice would have been answered by its trial. They are, however, wholly subverted by quashing that issue, and discharging the defendant, because a requisite preceding the filing of the suggestion had not been complied with.
See Rice, 268. 1 Rich. 3. 6 Rich. 293. 3 Strob. 365. Ex parte Moffitt, 11 Rich. 360.
Griffin and Burt, for the motion. Carroll, contra.
The motion to reverse the decision of the Judge below is granted.
Richardson, Earle, Butler, JJ., concurred : Evans and Gantt absent.

 4 Stat. 56. An.